ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

SEP 26 2023

KEVIN P. WEIMER, Clerk
By: TCC Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CASE NUMBER 1:23-CR309 |
| ROSCOE MCMILLAN | |

**INDICTMENT**

The Grand Jury charges that:

1. From in or about June 2013 through in or about July 2020, in the Northern District of Georgia and elsewhere, the Defendant, ROSCOE MCMILLAN, aided and abetted by others known and unknown to the Grand Jury, devised, intended to devise, and participated in a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts.

2. The object and purpose of the scheme was for Defendant MCMILLAN to unjustly enrich himself by defrauding life insurance companies.

3. At all times material to this Indictment, Defendant MCMILLAN controlled and used a bank account in the name of "Chosen Outreach Ministries."

4. In furtherance of the scheme and to achieve the object and purpose thereof, Defendant MCMILLAN purchased life insurance on individuals who were in poor health, so that he could benefit financially from their deaths.

5. Defendant MCMILLAN caused fraudulent group-life-insurance enrollment forms to be submitted to Reliance Standard Life Insurance Company, Principal Life Insurance Company, Unum Life Insurance Company of America, Standard Insurance Company, Companion Life Insurance Company, The Lincoln National Life Insurance Company, and Metropolitan Life Insurance Company (collectively referred to as "the insurance companies").

6. Each enrollment form fraudulently represented that the person whose life was being insured was gainfully employed by Chosen Outreach Ministries. But as the owner of Chosen Outreach Ministries — which had no office and no place of doing business — Defendant MCMILLAN knew and had reason to know that those representations were false.

7. And even though Defendant MCMILLAN knew and had reason to know that the insured persons were in poor health, he did not disclose that vital information to the insurance companies.

8. The insurance companies relied on the false and fraudulent information provided on the enrollment forms and issued the requested life insurance coverage.

9. The insurance companies would not have issued the requested life insurance coverage if not for Defendant MCMILLAN'S false and fraudulent representations.

10. To further the illusion that Chosen Outreach Ministries was the employer of the insured persons, Defendant MCMILLAN sometimes paid the premiums on the policies using money orders purchased in the name of Chosen Outreach Ministries.

11. When each insured person died, Defendant MCMILLAN filed a claim form with the insurance company that had issued life insurance coverage on that person, thereby causing that insurance company to pay a fraudulent claim.

12. As a result of Defendant MCMILLAN'S scheme, the insurance companies paid a total of approximately $2.5 million in fraudulent claims.

## Count 1
## Wire Fraud

13. The facts alleged in paragraphs 1 through 12 of this Indictment are realleged and incorporated here by reference.

14. On or about October 9, 2018, in the Northern District of Georgia and elsewhere, for the purpose of executing and attempting to execute the scheme and artifice to defraud, the Defendant, ROSCOE MCMILLAN, aided and abetted by others known and unknown to the Grand Jury, caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, pictures, and sounds, that is, a wire transfer in the amount of $110,724.99 from Metropolitan Life Insurance Company's bank account at PNC in Ohio to Roscoe McMillan's bank account at JPMorgan Chase in Georgia.

All in violation of Title 18, United States Code, Section 1343 and Section 2.

## Counts 2 through 5
## Mail Fraud

15. The facts alleged in paragraphs 1 through 12 of this Indictment are realleged and incorporated here by reference.

16. On or about the dates set forth below, for the purpose of executing and attempting to execute the scheme and artifice to defraud, the Defendant, ROSCOE MCMILLAN, aided and abetted by others known and unknown to the Grand Jury, knowingly caused the following matters and things to be delivered by U.S. mail, according to the directions thereon:

| Count | Date | Matter or Thing | Delivered to |
|---|---|---|---|
| 2 | 09/27/18 | Letter from Standard Insurance Company to Roscoe McMillan re: G.B.'s policy | Roscoe McMillan Lithonia, GA |
| 3 | 10/10/18 | Letter from Metropolitan Life Insurance Company to Roscoe McMillan re: G.B.'s policy | Roscoe McMillan Lithonia, GA |
| 4 | 02/23/19 | $205 money order purchased in the name of Chosen Outreach Ministries to pay policy premium | Lincoln National Life Insurance Company Carol Stream, IL |
| 5 | 10/29/19 | $200 money order purchased in the name of Chosen Outreach Ministries to pay policy premium | Lincoln National Life Insurance Company Carol Stream, IL |

All in violation of Title 18, United States Code, Section 1341 and Section 2.

## Forfeiture

17. Upon conviction of one or more of the offenses alleged in Counts 1 through 5 of this Indictment, the Defendant, ROSCOE MCMILLAN, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, constituting, or derived from, proceeds traceable to the offenses, including, but not limited to, a money judgment, that is, a sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts 1 through 5 of this Indictment.

18. If, as a result of any act or omission of Defendant MCMILLAN, any property subject to forfeiture

    (a) cannot be located upon the exercise of due diligence,

    (b) has been transferred or sold to, or deposited with, a third party,

    (c) has been placed beyond the jurisdiction of the court,

    (d) has been substantially diminished in value, or

    (e) has been commingled with other property which cannot be divided without difficulty,

Case 1:23-cr-00309-SDG-JKL   Document 1   Filed 09/26/23   Page 7 of 7

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A _True_ BILL

_Penny Haworth_
FOREPERSON

RYAN K. BUCHANAN
United States Attorney

JOHN RUSSELL PHILLIPS
*Assistant United States Attorney*
Georgia Bar No. 576335

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
(404) 581-6000